SECOND DEPARTMENT, DECEMBER TERM, 1875.

WILLIAM HITCHCOCK, EXECUTOR, ETC., APPELLANT, v. ROSETTA THOMPSON AND OTHERS, RESPONDENTS.

*Will — attestation clause — position of.*

A will was drawn up on a sheet of paper fastened together at the ends, only the first and third pages being written on, and the second being left blank. It was signed by the testator at the bottom of the third page, while the attestation clause was placed at the top of the second, and signed by the witnesses. *Held*, that the will was properly executed and should be admitted to probate.

APPEAL from an order of the surrogate of Westchester county, refusing to admit the will of one Lozerne Heady to probate.

*Travis & Lent*, for the appellant Hitchcock.

*D. S. Herrick*, for the appellant Weir.

*Francis Larken*, for the respondents.

BARNARD, J.:

This is an appeal from an order of the surrogate of Westchester county, rejecting the probate of the will of Lozerne Heady.

The only point presented, arises, from the clumsy manner of the execution of the will by the subscribing witnesses. The will was drawn on a sheet of paper fastened at the end, in common use among lawyers. The will covered two pages and was written only on one side, so that the will ended at the bottom of the third page. The testator signed it there. The witnesses had not room to place the attestation clause on this page, and instead of folding back the will, in the way the paper was folded when the first page of the will was written, and writing out the attestation clause on the top of what would then have been the fourth page of the one paper, they left the paper folded as it was when the testator signed at the foot of the third page, and turned the entire sheet over endways, and wrote the attestation at the top of the page. This page was, of course, the blank page between the two pages of the will, and on folding the will back as it was when the first page was written, the attestation clause is in the middle of the will and upside down.

It is a mere question of folding a paper. There is no fraud.

The will was duly executed. The testator signed at the end of the will. All formal regularities were complied with.

The will was, in point of fact, attested after its execution by the testator, at the end of the will. The decree of the surrogate should be reversed, and the proceedings remitted to the surrogate of Westchester county, with directions to admit the will to probate.

Present — BARNARD, P. J., TAPPEN and TALCOTT, JJ.

Decree of surrogate reversed, with costs to both parties out of the estate.